JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 10-1107 AG (AJWx) | Date | August 13, 2010 |
| Title | BANK OF AMERICA, et al. v. JESUS MARTINEZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD, U.S. District Judge | | |
|---|---|---|---|
| Dwayne Roberts | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**    [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff Bank of America ("Plaintiff") filed this case in state court for unlawful detainer. Defendants Jesus Martinez and Carlota Osorio ("Defendants") filed a Notice of Removal, which removed this case from state to federal court. Defendants also filed a cross complaint in this Court. For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal argues that federal jurisdiction is proper because their cross complaint asserts federal claims. But a review the Complaint makes clear that Defendants' argument fails. The Complaint does not rely on any federal law, so Defendants have not demonstrated a basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts."). Plaintiffs' cross complaint is not relevant to determining federal question jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (a cross complainant is not a "defendant" for purposes of federal removal statutes and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 10-1107 AG (AJWx) | Date | August 13, 2010 |
|---|---|---|---|
| Title | BANK OF AMERICA, et al. v. JESUS MARTINEZ, et al. | | |

therefore cannot remove an action to federal court).

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.

In sum, Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

                                                                                         :     0

                                        Initials of
                                        Preparer            dr